IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY LAWRENCE NEWTON,<br><br>Defendants. | Case No. 24-CR-274-JFH |

**OPINION AND ORDER**

Before the Court is an Unopposed Motion to Expand Scheduling Order and Continue Jury Trial ("Motion") filed by Defendant Danny Lawrence Newton ("Defendant"). Dkt. No. 28. The Motion states that the Government does not oppose the requested continuance. *Id.* at 2. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Defendant requests additional time because counsel requires additional time to review discovery and determine if pretrial motions are necessary; further, defense counsel represents that more time is needed to meet with his client and the Government regarding potential agreed resolution of this matter. Dkt. No. 28 at 2. Defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends of justice continuance. Dkt. No. 29.

In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Motion filed at Dkt. No. 28 is GRANTED. The jury trial set November 12, 2024 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Joint status report regarding production of discovery filed: | 10/29/2024 |
| Notices filed: | 10/29/2024 |

Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609

| | | |
|---|---|---|
| Motions to dismiss for insufficient indictment filed: | 10/29/2024 | |
| Motions and Objections to Notices filed: | 11/5/2024 | |

   Absent good cause, motions in limine shall be filed by this date

   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 11/26/2024 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 12/6/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 12/12/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 12/12/2024 | by 4:00 pm |
| Jury trial: | 12/16/2024 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's [Criminal Guidelines](#).

IT IS FURTHER ORDERED that the time from November 12, 2024, inclusive, to December 16, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 21st day of October 2024.

                                                            JOHN F. HEIL, III
                                                          UNITED STATES DISTRICT JUDGE